PAULINE THELMA CZARNECKI v. AMERICAN INDEMNITY COMPANY.

(Filed 14 June 1963.)

**1. Insurance § 3—**

The parties to an insurance contract may make whatever agreement they deem advantageous unless restricted by statute enacted in the exercise of the police power.

**2. Insurance § 47—**

The limitation contained in a medical payments provision of a policy of automobile insurance that insurer should be liable for only such expenses as are incurred within one year from the date of the accident is valid, and insurer may not be held liable for medical expenses incurred after the one year period even though the treatment of insured is continuous from the date of the accident, but insurer is liable for such payments within the limitation even though some of the expenses may have been incurred subsequent to the expiration date of the policy.

APPEAL by defendant from *Phillips, J.,* November 5, 1962 Civil Term of GUILFORD (High Point Division).

This action was begun in the municipal court of High Point to recover medical expenses incurred more than one year after plaintiff was accidentally injured by an automobile. Liability is asserted under a policy of insurance issued by defendant to plaintiff and her husband, obligating it to pay medical expenses because of accidental injuries. Plaintiff was injured 15 May 1960. She was under continuous medical treatment from the date of the injury to a date subsequent to 15 May 1961.

Defendant paid $1,054.05 and admitted liability for the additional sum of $90.15. The sums paid and tendered cover expenses incurred within one year of the accident. Defendant contends its liability is, by the policy, limited to expenses incurred within one year. Plaintiff contends defendant is liable for all expenses incurred, irrespective of the date incurred, up to but not exceeding the amount stipulated in the policy. The municipal court adopted defendant's construction of the policy. The Superior Court on appeal adopted plaintiff's interpretation and rendered judgment for the sum claimed.

*Louis J. Fisher and Schoch & Schoch by Arch K. Schoch for plaintiff appellee.*

*Roberson, Haworth & Reese by Arthur M. Utley, Jr., for defendant appellant.*

RODMAN, J. Defendant, on 7 November 1959, issued to plaintiff and her husband its "Family Combination Automobile Policy" in-

suring plaintiff and her husband with respect to ownership of two automobiles for (A) bodily injury liability, (B) property damage liability, (C) medical payments. The policy states the premium paid for each of the two cars for each of the coverages. It fixes the limit of liability for bodily injury for each person at $10,000 and for each occurrence at $20,000. It fixes the liability for property damage at $10,000 for each occurrence. It fixes the limit of liability for medical payments at $2,000 for each person. The policy is divided into parts. Part 1 is entitled "Liability." This part fixes defendant's obligation under coverages A and B, that is, bodily injury liability and property damage liability.

Part 2 is headed "EXPENSES FOR MEDICAL SERVICES." It provides: "Coverage C—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services. . .: to or for the named insured and each relative who sustains bodily injury. . . caused by accident, while occupying or through being struck by an automobile."

The total of the liability which plaintiff would impose on defendant is within the $2,000 limitation fixed by the policy. Defendant further limits its liability by the language of the policy: "to pay all reasonable expenses incurred within one year from the date of the accident." Judge Phillips, in imposing liability on defendant for all the expenses incurred, held: "That although a part of said medical treatment went beyond the twelve-month period, the limitation set out in said insurance policy was not a valid limitation, because all medical expenses incurred related back to the time of the accident."

The quoted provision is not void. An insurance policy is a contract between insurer and insured. The parties are at liberty to make such contract as they deem advantageous unless restricted by statute in the exercise of the police power. *Utilities Comm. v. Greyhound Corp.* 252 N.C. 18, 113 S.E. 2d 57; *Bayside Fish Flour Co. v. Gentry,* 297 U.S. 422, 80 L. ed. 772.

Our attention has not been called to any statute or regulation requiring insurance companies affording protection against medical expenses incurred on account of injuries accidentally sustained to obligate themselves to pay for an indefinite period. No sound reason exists why the parties may not fix a time limitation as well as a limitation on the amount of liability.

Since the provision is valid, the only question left for consideration is: What is the extent of defendant's obligation? The answer is to be found in the language which the parties have chosen to express their

contract. *Parker v. Ins. Co.,* 259 N.C. 115, *Strickland v. Jackson,* 259 N.C. 81; *Muncie v. Ins. Co.,* 253 N.C. 74, 116 S.E. 2d 474.

The language of the policy obligates defendant to pay "expenses incurred within one year from the date of accident." Plaintiff would rewrite the provision to read "pay all expenses incurred because of accidental injuries"; but she stipulated defendant "has paid a total amount of $1,054.05, which amount is *for all of the medical expenses of the Appellant (plaintiff) incurred within one (1) year from the date of the accident* except for the sum of $90.15." (Emphasis added.)

The very language which the parties selected to state the facts is the language chosen to measure defendant's obligation. "Incur" is defined by Webster as: "1: to meet or fall in with (as an inconvenience) ; become liable or subject to: bring down upon oneself (*incurred* large debts to educate his children)." Courts have accepted Webster's definition as the correct meaning of the word. *Weinberg Co. v. Heller,* 239 P. 358; *Flanagan v. Baltimore & O. Ry. Co.,* 50 N.W. 60; *Pilot Life Ins. Co. v. Stephens,* 103 S.E. 2d 651; *Bartlett v. Vanover,* 86 S.W. 2d 1020; *Gordon v. Fidelity & Casualty Co. of N.Y.,* 120 S.E. 2d 509; *Drearr v. Conn. Gen. Life Ins. Co.,* 119 So. 2d 149.

It is suggested that *Maryland Casualty Co. v. Thomas,* 289 S.W. 2d 652, points to a different conclusion. A careful reading of the case and understanding of the facts there involved distinguish that case from the case under consideration. There the policy provision was identical with the provision in this case except the limitation as to the amount of insurance. There the total amount for which defendant obligated itself was $1,000. Here it is $2,000. There a nine-year-old boy was injured on 25 July 1953 in an automobile accident. The insurance ran to the father. The Court refers to it as a liability policy. Extensive dental work was necessary but because of the age of the child and the necessity of a bridge, the work could not be done until he had permanent teeth to which a bridge could be anchored. The father obtained estimates as to the cost of the work from several dentists. On 22 July 1954 he contracted with Dr. Wood, fixing the amount of his charges for the services to be rendered, and paid him for the services to be thereafter performed. The Court held under those facts the expenses had been incurred, that is, the obligation created within the one-year period.

The policy sued on insured plaintiff for a term of one year, that is, from 7 November 1959 to 7 November 1960, but the expiration date of the policy did not terminate defendant's liability for medical expenses incurred for accidental injuries sustained prior to 7 November 1960 until the expiration of one year from the date of the accident.

Defendant is liable for $90.15, the unpaid balance of expenses incurred prior to 16 May 1961. It has admitted its liability for this sum. It is not, however, liable for any expenses incurred after 15 May 1961.

Reversed.