■ THOMAS J. KIRCHOFF, Respondent, v. NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.— In an action to recover benefits under a Family Major Medical Expense policy issued by the defendant, the defendant appeals from a judgment of the County Court, Dutchess County, entered January 11, 1963 upon the opinion and decision of the court after a nonjury trial based upon a stipulation of facts, in favor of plaintiff, for $501.58, representing a recovery by him of $410.32, plus interest and costs. Judgment modified on the law and on the facts by reducing the amount of plaintiff's recovery from $410.32 to $210.32. As so modified, the judgment is affirmed, without costs. Findings of fact contained or implicit in the opinions of the County Court which may be inconsistent herewith are reversed and new findings are made as indicated herein. On July 24, 1961 plaintiff's wife gave birth to an infant who had a congenital hernia. A physician discovered the hernia during postnatal examination and recommended deferral of treatment in the interests of the infant's health. The mother and infant were discharged from the hospital on July 29, 1961. The total medical expense of confinement was $474.90. On September 18, 1961 a herniotomy was performed on the infant at a total medical expense of $288. Under the $250 deductible clause contained in the policy in question defendant agreed to pay plaintiff, for the items listed, 80% of any medical expense in excess of $250. Concerning such deductible amount, section 5 of the policy provides that the: "deductible amount shall apply separately to each Insured Family Member, and to each accident or sickness, except that only one deductible amount shall apply * * * to all charges incurred as a result of childbirth, including charges incurred for the infant, until and including the fourteenth day after the date of such birth." The policy further provides that every medical expense charge "shall be deemed to be incurred as of the date of the service or purchase giving rise to the charge." The determining factor, therefore, is the performance of the herniotomy more than 14 days after the infant's birth, and not the discovery of the hernia within that period. We construe the pertinent policy provisions to mean that separate deductions of $250 apply (1) to the $474.90 medical expense of the confinement, and (2) to the $288 medical expense of the herniotomy, thus reducing these amounts to $224.90 and $38 respectively. Defendant's liability

under the policy is limited to 80% of the latter, or $179.92 and $30.40 respectively, the sums which defendant originally tendered to plaintiff but which plaintiff rejected. Beldock, P. J., Ughetta, Hill, Rabin and Hopkins, JJ., concur.