166 So.2d 222 (1964)
RELIANCE MUTUAL LIFE INSURANCE COMPANY OF ILLINOIS, Appellant,
v.
Thelma W. BOOHER, Appellee.
No. 3859.
District Court of Appeal of Florida. Second District.
July 1, 1964.
*223 George N. Meros, of Meros & Wilkinson, St. Petersburg, for appellant.
Louis C. Deal, of Robinson, Robinson & Deal, St. Petersburg, for appellee.
SMITH, Chief Judge.
The plaintiff-appellee, Thelma W. Booher, brought an action for a declaratory judgment and other relief, requesting that the Court determine whether or not the defendant insurance company is liable for certain medical expenses incurred by her as a result of injuries she suffered in an automobile accident. The insurance policy in question insured the plaintiff against loss due to medical expense resulting from accidental bodily injury and it contained the following proviso: "provided that such expense shall be incurred within 52 weeks from the date of such injury." The trial court found that the quoted proviso was susceptible of more than one meaning or interpretation, and it construed the proviso to mean that if the expenses were brought on, occasioned, or caused within 52 weeks from the date of injury, then the liability for such expenses arose within the time limit. On this premise the court entered judgment for the plaintiff, from which the insurance company appeals. The plaintiff has filed cross assignments of error.
The facts essential to decision are not in dispute. The plaintiff received facial injuries in an automobile accident on October 4, 1959. The original emergency operation could only suture the "flaps" down. The plaintiff's face was disfigured as a result of the accident. She consulted a plastic surgeon, who advised that further operations could not be commenced until the flesh had begun settling and had partially healed. In May of 1960, plaintiff "engaged or employed the surgeon to perform the necessary reconstructive surgery." Operations were performed on May 17, *224 1960, for which the plaintiff was hospitalized through May 21; on November 22, 1960, for which the plaintiff was hospitalized through November 24; and finally on July 26, 1961. In the trial court the insurance company contended that it was not liable for any of the reconstructive surgery because it was not a necessary service and because the expenses of such surgery were not incurred within the 52-week time limit. On appeal, however, the insurance company contends only that the court erred in its interpretation of the time limit provision of the policy. It is urged that the court, in interpreting the policy, in effect re-wrote the parties' contract so that the insurance company would be liable for all expenses no matter when incurred, if the necessity for the expenses manifested itself within 52 weeks from the date of the injury. The insurance company contends that this interpretation is entirely outside the language of the policy and that the lower court's construction is neither reasonable nor equitable. The parties state that they have been unable to find any decision in Florida construing such a provision in an insurance policy, and our independent research has disclosed none. With respect to the general rules governing the construction of insurance contracts, the parties are in agreement. Terms in an insurance policy which are ambiguous, equivocal or uncertain, to the extent that the intention of the parties is not clear and cannot be ascertained by the application of ordinary rules of construction, are to be construed strictly and most strongly against the insurer; however, if the language is clear and unambiguous the court should give the language its natural meaning. See James v. Gulf Life Ins. Co., Fla. 1953, 66 So.2d 62.
We find that the words "provided that such expense shall be incurred within 52 weeks from the date of such injury" are clear and unambiguous. "Incur" is defined by Webster as follows: "To meet or fall in with, as something inconvenient or harmful; become liable or subject to; to bring down upon oneself; as, to incur debt, danger, displeasure, penalty, etc." As used in the insurance policy here involved, the words contained in the proviso mean that the insured must have actually paid or must have become liable for the payment of such expense within 52 weeks from the date of the injury which necessitated the expense. The plaintiff's engagement of the services of the surgeon to perform the necessary reconstructive surgery, although admittedly made during the 52-week period, was not the incurring of an expense at that time, for at that time the fees of the surgeon were neither understood nor agreed upon. The first operation was performed within the 52-week period, and the expense of that operation with resultant hospitalization was incurred prior to the termination of the 52-week period. At the time of the expiration of the 52-week period the plaintiff had not incurred any expenses for medical services to be rendered in the future. An expense is the same as a debt, and it has been incurred when liability for payment attaches. A contingent expense has been incurred when the contingency upon which the payment depends has occurred. Stuyvesant Insurance Co. of New York v. Nardelli, 5 Cir.1961, 286 F.2d 600. The plaintiff's engagement of the services of the surgeon for his future services constituted a contingent promise to pay for his services, and the expense was not incurred until the contingency occurred, which was the surgeon's performance of the services.
Provisions agreeing to pay for loss incurred by medical expenses within a fixed period of time from the date of the accident or injury necessitating the medical expense are contained in many types of insurance policies.[1] There are several decisions construing *225 such provisions. Drobne v. Aetna Casualty & Surety Co., Ohio App. 1950, 115 N.E.2d 589; Maryland Casualty Company v. Thomas, Tex.Civ.App. 1956, 289 S.W.2d 652; Herold v. Aetna Life Ins. Co., Tex. Civ.App. 1935, 77 S.W.2d 1060; Pilot Life Insurance Company v. Stephens, 1958, 97 Ga. App. 529, 103 S.E.2d 651; Czarnecki v. American Indemnity Company, 1963, 259 N.C. 718, 131 S.E.2d 347; Kirchoff v. Nationwide Mutual Insurance Company, 1963, 19 A.D.2d 638, 241 N.Y.S.2d 185. These decisions must be examined in the light of the language of each policy and the facts in each case. When so examined, the conflicts become more apparent than real. For instance, in the Drobne and Thomas cases, the insured employed or engaged the doctor's services by a binding contract before the expiration of the policy's period of limitation and paid in advance or became obligated to pay for medical care. On this basis, the expenses in each case were found to have been incurred prior to the expiration of the fixed period. By contrast, in the Herold, Stephens and Czarnecki cases, there had been no contractual employment or prepayment during the period of time specified in the policy. In the Kirchoff case, the company's liability was further restricted because the policy contained an explicit definition of the term "incurred" as meaning the date upon which the service or purchase giving rise to the charge occurred.
The decisions in cases involving the time of injury, the time of performance of the medical services, and the time of termination of the policy, which decisions are surveyed in the Annotation, 75 A.L.R.2d 876, are not applicable here, because the question of the liability of an insurer for expenses incurred after termination of a policy containing no express provisions concerning liability after termination is separate and distinct from the question of limitations clearly and expressly provided in policies such as the one in the case at bar.
In an insurance policy the parties are at liberty to make such contract as they deem advantageous  unless restricted by statute. See Zipperer v. State Farm Mut. Auto Ins. Co., 5 Cir.1958, 254 F.2d 853; Jefferson Insurance Company v. Fischer, Fla. 1964, 166 So.2d 129. Our attention has not been called to any statute requiring insurance companies to obligate themselves to pay all medical expenses incurred on account of accidental injury which occurred during the effective time of the policy. We see no difference between a contractual agreement fixing a time limit and one fixing a total dollar limit of liability. The very language to which the plaintiff consented when she accepted the policy prohibits her recovery for any of the medical expenses incurred by the operations which were performed on November 22, 1960 and July 26, 1961.
Although the plaintiff's testimony was itemized as to the expenses of each operation, the court entered judgment in an amount substantially less than the total. This was a result of the court's finding that the surgeon's fees were excessive. The amount of the surgeon's fees was fixed by the court in one sum for all three operations; therefore, we are unable to direct the entry of a judgment for a specific amount and we will thus remand the cause for a new trial, at which time the court can also again consider the amount of the award for attorney's fees for the plaintiff. The amount of such attorney's fees need not be determined solely on the amount of the judgment recovered by the plaintiff. We find the other factors considered by the court to be proper in determining a reasonable attorney's fee to be allowed to the plaintiff. See Robertson v. Robertson, Fla. App. 1958, 106 So.2d 590.
The plaintiff-appellee cross assigns as error the finding of the court that the insurance company had not waived and was not estopped to assert the defense that some of the expenses were not incurred within 52 weeks. We affirm the trial court's determination that neither estoppel nor waiver is justified by the facts in this case. *226 At the point where the negotiations began between the parties on the question of the reconstructive surgery, the period of time had not expired; and the insurance company raised only the question of the necessity of incurring such an expense. The record does not disclose any reliance by the plaintiff nor any delay in incurring the expense by reason of the insurance company's position that such expense was unnecessary. Ordinarily, waiver or estoppel can be invoked only when the conduct of the insurer has been such as would induce action in reliance upon it and where it would operate as a fraud on the insured if the insurance company could disavow its conduct and enforce theretofore unmentioned conditions. Greyhound Corp. v. Excess Insurance Co. of America, 5 Cir.1956, 233 F.2d 630. When considering waiver, conditions going to the coverage or scope of a policy are distinguished from those furnishing a ground for forfeiture. See Reisman v. New Hampshire Fire Insurance Company, 5 Cir.1963, 312 F.2d 17.
The plaintiff asserts that the defendant insurance company further waived the time limitation by failing to assert this provision of the policy as an affirmative defense. In her complaint the plaintiff affirmatively alleged all of the terms and conditions of the policy and her right to recovery; so even if it could be said that the time limitation was an affirmative defense (a point which we do not determine), the plaintiff here brought such affirmative defense into issue by her complaint, and the court could, therefore, resolve the issue on the defendant's answer in the nature of a general denial. 25 Fla.Jur.Pleadings, § 63. This issue was fully and fairly raised and tried in conformity with the spirit of Rule 1.15(b), Florida Rules of Civil Procedure, 30 F.S.A.
The plaintiff's last point on her cross-appeal is to the effect that the court erred in entering judgment for an amount substantially less than the sum which the surgeon charged for the operations. By this point the plaintiff endeavors to have increased the amount of her judgment; however, we find from the record that the plaintiff did not offer any competent testimony to prove "the usual and customary charge normally made within the area"[2] for the surgeon's services. The surgeon's testimony that the charges which he made to the plaintiff for his services were those normally and customarily made by him in his practice in St. Petersburg is not tantamount to evidence of the usual and customary charge normally made within the area. Hence, the plaintiff cannot complain of the court's finding that the fees were excessive and thereupon entering judgment for an amount less than that testified to by the surgeon.
The judgment is reversed with directions to grant the defendant a new trial.
WARREN, LAMAR, Associate Judge, concurs.
WHITE, J., dissents.
WHITE, Judge (dissenting).
The policy clause under consideration reads as follows:
"Provided, however, that the company's maximum liability for medical, surgical and/or hospital bills shall not exceed a maximum of Three Thousand Five Hundred Dollars ($3,500.00) and provided that such expense shall be incurred within fifty-two (52) weeks from the date of such injury." (emphasis added)
The plaintiff's need for treatment arose when she was injured, causing her to seek such therapeutical and surgical services as would be reasonably necessary. She engaged professional services with the understanding that successive stages of reconstructive *227 surgery would be required, and these services were engaged within the policy limitation of fifty-two weeks on the incurring of such expense. The plaintiff's obligation to pay for the impending services when and if performed was, as I see it, clearly incurred within the time limited, even though it was not then feasible to reduce the entire expenses to a sum certain until after completion of the needed surgery. This, rather than the "contingent" obligation thesis, strikes me as the only interpretation truly compatible with the rule governing the construction of policies written by paid insurers.
I would affirm the judgment in its entirety.
NOTES
[1] For example, the medical payment provisions of an automobile liability insurance policy; accidental death or dismenberment provision in a life insurance policy; accident and health insurance policies; and specialized types of insurance policies, such as maternity.
[2] This was the standard provided in the insurance policy.