Manuel MARROQUIN, Jr., Appellant,

v.

TRINITY UNIVERSAL INSURANCE COMPANY, Appellee.

No. 16661.

Court of Civil Appeals of Texas.

Fort Worth.

Sept. 17, 1965.

Rehearing Denied Oct. 15, 1965.

Fay W. Prescott, Fort Worth, for appellant.

Strasburger, Price, Kelton, Miller & Martin, and Gordon MacDowell and Royal H. Brin, Jr., Dallas, for appellee.

RENFRO, Justice.

From a judgment denying plaintiff recovery of $512.55 for medical services received by his wife more than a year after

she was injured in an automobile accident, plaintiff appealed.

The standard medical payment clause of the insurance policy involved reads as follows:

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services: * * *."

Material stipulated facts were:

"That on February 17, 1960, while said policy of insurance was in full force and effect, plaintiff's wife, Euna Marroquin, sustained bodily injuries, sickness and disease which were caused by accident while she was occupying the insured automobile.

"That within one year from February 17, 1960, the date of said accident, the said Euna Marroquin was furnished and received medical, surgical, X-ray, ambulance, hospital, and professional nursing services for bodily injuries, sickness and disease sustained by her in said accident, and proximately resulting therefrom, which were necessary because of said accident, of the reasonable value of $2,204.05, which sum defendant paid to plaintiff within one year from February 17, 1960, the date of said accident; that all of such services were furnished to and used by said Euna Marroquin within one year from February 17, 1960. * * *

"That between the dates of December 8, 1961, and December 18, 1961, all more than one year from February 17, 1960, the date of said accident, the said Euna Marroquin required and received further medical and hospital services for bodily injury, sickness and disease sustained by her in said accident of February 17, 1960, and proximately resulting from said accident, and made necessary thereby, the reasonable value of which is the sum of $512.55, which

sum was paid by plaintiff more than one year after the date of said accident; that neither plaintiff nor said Euna Marroquin contemplated that said Euna Marroquin would require any such services after the period of one year from the date of said accident, and neither party made any contract or arrangement within one year from said accident for any of such services, but all of such services were contracted and arranged for by said parties after the period of one year had elapsed from February 17, 1960, the date of said accident, and all of same were paid for by plaintiff after such time."

Judgment was rendered for defendant.

Plaintiff relies upon Maryland Casualty Company v. Thomas, Tex.Civ.App., 289 S. W.2d 652. In the Thomas case a nine year old boy was injured in an automobile accident. Extensive dental work was necessary but, because of the age of the boy and the necessity of a bridge, the work could not be done until he had permanent teeth to which a bridge could be anchored. Within one year following the date of the accident, the father of the boy contracted with and paid a fixed amount to a dentist for the services to be rendered. Under such facts, it was held that the expenses had been "incurred" within the one year period.

In the instant case, however, the stipulations show that, as of the time the one year period from the date of the accident had expired, no further medical expenses were contemplated, planned, contracted for or paid; nor was it known by either party that plaintiff's wife would require any further treatment resulting in medical expenses.

In our opinion in order to hold defendant liable for the $512.55 we would necessarily have to re-write the provision "to pay all reasonable expenses incurred within one year from the date of the accident * * *" to read, "to pay all reasonable expenses incurred from the date of accident * * *." Czarnecki v. American Indemnity Company, 259 N.C. 718, 131 S.E.2d 347 (1963).

# 248

Since the provision in the policy is valid and unambiguous, we hold that under the undisputed facts in this case the medical expenses which arose approximately twenty-two months after the accident were not expenses incurred within one year from date of accident. Our view is supported by Herold v. Aetna Life Insurance Co., 77 S.W.2d 1060 (El Paso Civ.App.1935, no writ hist.); Drobne v. Aetna Casualty & Surety Co., 115 N.E.2d 589 (Ohio App., 1950); Pilot Life Insurance Co. v. Stephens, 97 Ga.App. 529, 103 S.E.2d 651 (1958).

The judgment of the trial court is affirmed.