Vern F. HEIN, as Father and next friend of Richard Allen Hein, a minor, Appellant,

v.

AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY, Appellee.

No. 53206.

Supreme Court of Iowa.

Feb. 11, 1969.

Mosier, Mosier, Thomas, Beatty & Dutton, Waterloo, for appellant.

Beecher, Buckmaster, Beecher, Holmes & Lindeman, Waterloo, for appellee.

MOORE, Justice.

Plaintiff, Vern F. Hein, as father and next friend, brought this action at law against defendant company for medical expenses resulting from injury of his minor son, Richard Hein, in an automobile accident September 5, 1963. Richard was riding in a car driven by a schoolmate, Willard P. Dunfee, when injured.

The facts are undisputed. Defendant does not deny it had issued both plaintiff and his son separate automobile insurance policies which were in force and effect at the time of the accident. The company, however, denied liability on the grounds certain policy provisions relieved it of any liability under the facts.

On January 15, 1965 plaintiff amended his previously filed petition in response to a motion to make more specific. To division I he attached exhibit A, the policy issued by defendant to Richard and to division II attached exhibit B, the policy issued by defendant to himself. He further set out hospital, ambulance and doctor expenses he had incurred within one year from the date of the accident in the sum of $323.45. Additionally he added paragraph V wherein he itemized and claimed $1250 anticipated medical expenses.

The trial court sustained defendant's motion to strike paragraph V concluding "the expenses claimed therein are not expenses incurred within one (1) year from the time of the accident" which condition was precedent to recovery under the medical payment provision of each policy. The court also struck division I in its entirety on the ground only the policy providing the higher medical expense coverage was applicable, which policy was set out in division II.

On trial to the court for a determination of whether plaintiff was entitled to recover the sum of $323.45, under the medical payments provision of the policy issued to

Vern Hein, the court entered judgment for defendant and plaintiff has appealed.

Plaintiff asserts the trial court erred in (1) ruling as a matter of law the two policies were mutually exclusive, (2) ruling as a matter of law claimed expenses above $323.45 were not "incurred" within one year within the meaning of the policy terms, and (3) holding plaintiff's claim was excluded under the facts as applied to the "other insurance" provisions in Vern Hein's policy.

I. Plaintiff's action seeks recovery of medical expenses due under the medical services clauses of the automobile liability policies issued to him and his son. This type of coverage is frequently available under today's automobile liability policies, and typically under such protection the insurer assumes liability up to a specific amount for reasonable expenses of medical services rendered to or for the insured, relative or member of his household as a result of an automobile accident. 8 Appleman, Insurance Law and Practice, section 4896, page 349.

Such protection is not dependent upon the negligence of the insured and is actually a type of third-party beneficiary health insurance contract for which the insurer charges a separate portion of the total premium. See Nagy v. Lumbermens Mutual Casualty Co., R.I., 219 A.2d 396, 398; Severson v. Milwaukee Auto Ins. Co., 265 Wis. 488, 61 N.W.2d 872, 874. On these well recognized principles the parties seem to be in agreement.

II. Plaintiff argues the trial court erred in striking that portion of his petition which sought recovery under the medical expense provisions of the policy issued to Richard Hein.

The material portions thereof provided: "Medical Expense Coverage. To pay all reasonable medical expense incurred within one year from the date of the accident: 1. To or for the named insured and each rel-ative who sustains bodily injury caused by accident, a. while occupying an automobile."

The medical expense coverage under Richard's policy was limited to a $500 maximum.

The policy issued to Vern Hein afforded coverage in almost identical language except the maximum coverage therein was fixed at $2000.

Defendant admits an isolated reading of the language quoted above would indicate plaintiff was entitled to recover under both policies. It urges, however, these provisions cannot be read in isolation since that would result in an interpretation contrary to the manifest intent of the contracts when read in their entirety. In disclaiming any liability under the medical expense provision of Richard's policy, defendant relies on the language of paragraph 5 in Vern Hein's policy. Paragraph 5 provides: "5. TWO OR MORE POLICIES. When insurance applicable to a temporary substitute or non-owned automobile is provided by two or more policies issued by this company, as respects such insurance, the liability of this company under all of such policies shall be limited to (1) the greatest applicable limit of liability as stated in the Declarations of any one of such policies in which the person claiming coverage is designated as the named insured, or (2) if not so designated, to the greatest applicable limit of liability as stated in the Declaration of any one of all of such policies."

Relying on this provision the trial court ruled plaintiff was not entitled to recover under the medical expense clause of Richard's policy as the two policies were clearly mutually exclusive with respect to medical expenses, the policy having the higher limits being the only one applicable.

Plaintiff urges this liability limiting provision is not applicable as (1) the clear and explicit language of the insurance con-

tracts reveals the clause is inapplicable to Richard, or (2) if ambiguous, its interpretation must be given a reasonable construction and construed against the insurer. The clear and unambiguous language of paragraph 5 is fatal to plaintiff's claim under either theory.

Rule 344(f), par. 14, Rules of Civil Procedure provides: "In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says."

■ It is so well settled as to need no citation of authority that an insurance policy prepared by the insurer must be liberally construed in favor of the insured and if any relevant provision is ambiguous it is to be weighed in favor of the latter. This rule of course is applicable only in case of ambiguity.

■ This rule does not warrant an arbitrary judicial construction of the terms of the instrument. The court must give effect to exceptions and limitations in a policy as they are written and unless it may be said there is ambiguity in the words found in the policy, there is no occasion for the exercise of choice of interpretation. Hiatt v. Travelers Ins. Co., 197 Iowa 153, 156, 197 N.W. 3, 4, 33 A.L.R. 655; Field v. Southern Sur. Co., 211 Iowa 1239, 1242, 1243, 235 N.W. 571, 573; Wenthe v. Hospital Service, Inc., 251 Iowa 765, 768, 100 N.W.2d 903, 905.

■ A policy is a written contract and its terms are to be given reasonable construction. Ambiguity created by giving a strained or unnatural meaning to words or phrases or by mere casuistry does not constitute genuine doubt. Youngwirth v. State Farm Mut. Auto Ins., 258 Iowa 974, 977, 140 N.W.2d 881, 883.

■■ An insurance policy should not be so construed as to give it a meaning that either extends or restricts the coverage beyond that actually provided. It should be construed as a whole, and the clear and unambiguous language must be given its plain meaning. Iowa National Mutual Ins. Co. v. Fidelity & Cas. Co., 256 Iowa 723, 725, 128 N.W.2d 891, 893; Youngwirth v. State Farm Mut. Auto Ins., supra; Wooddale, Inc. v. Fidelity and Deposit Co. of Maryland, 8 Cir., 378 F.2d 627 (1967).

■ It is undisputed Richard Hein was occupying a "non-owned automobile" within the meaning of the policy when the accident occurred and also that defendant had issued two policies which provided coverage for him while occupying a non-owned automobile. Both these factors operate to bring plaintiff's claim squarely within the contemplated scope of paragraph 5. Its clearly expressed purpose in such a case is to limit plaintiff's claim to the medical payments provision of the policy under which the higher limits are provided.

III. Plaintiff asserts the trial court erred in ruling as a matter of law that the claimed medical expenses in excess of $323.45 were "not incurred within one year" within the meaning of the policy terms.

As pointed out, supra, the insurer obligated itself under both policies "to pay all reasonable medical expenses incurred within one year from the date of the accident."

Plaintiff's petition as amended asked in division II for total medical expenses of $1573.45. Plaintiff alleged actual medical service of $323.45 had been furnished Richard within one year after the accident. It further alleged an additional medical expense of $1250 was anticipated for two future operations.

Plaintiff argues the anticipated medical expense was "incurred" within one year because they would be incurred as a result of the accident. Defendant contends that to so read the language of the medical ex-

pense provision is to misconstrue its clear meaning and extend coverage beyond that which was obviously intended. Counsel have not cited, nor has our research disclosed any case in which we have considered this precise question, although in Flanagan v. Baltimore & Ohio R. R. Co., 83 Iowa 639, 643, 644, 50 N.W. 60, 61, we briefly considered the meaning of the word "incurred" in another context and indicate it means "paid out" or "became liable for."

"Incur means to become liable or subject to; to render or become liable or subject to through one's own action or to bring upon one's self." 20A Words and Phrases, Perm.Ed., page 452.

In 42 C.J.S., page 553 regarding "incurred" the editor states: "It is a word denoting the past tense, and defined as meaning became liable for, * * *."

Webster's New International Dictionary, 2 ed., defines incur: "To meet or fall in with, as something inconvenient or harmful; to become liable or subject to; to bring down upon oneself; as to incur debt, danger, displeasure, penalty, etc." Courts have accepted Webster's definition as a correct meaning of the word. Graham v. Reserve Life Insurance Company, 274 N.C. 115, 161 S.E.2d 485, 489; Hermitage Health and Life Insurance Co. v. Cagle, Tenn.App., 420 S.W.2d 591, 593; Gordon v. Fidelity & Casualty Company of New York, 238 S.C. 438, 120 S.E.2d 509, 512.

Collins v. Farmers Insurance Exchange, 271 Minn. 239, 135 N.W.2d 503, 507 says: "The definition of incur is 'to become liable for', as distinguished from actually 'pay for'."

Plaintiff relies heavily on Maryland Casualty Co. v. Thomas, Tex.Civ.App., 289 S.W.2d 652. It recognizes the applicable general principles of law but is readily distinguishable factually from the case at bar.

In that case plaintiff brought action on behalf of his minor son for alleged medical expenses under a clause in his automobile policy wherein defendant had obligated itself "to pay all reasonable expenses incurred within one year from the date of the accident for necessary medical * * * expenses." Because of the son's age, nine years, his dentist determined certain necessary dental work had to be postponed until after the expiration of the one year period. However, within the one year period the father had contracted with and paid a fixed amount to the dentist for the work to be done. Under these facts the court held the expense had been "incurred" within the one year period. Here there is no allegation or evidence plaintiff contracted or paid for any medical services to be rendered after the one year period.

In Hoehner v. Western Casualty and Surety Company, 8 Mich.App. 708, 155 N.W.2d 231, the court was faced with an almost identical situation as that presented in Maryland Casualty. Plaintiff's minor son suffered injuries to his mouth which because of his young age could not be remedied until after the expiration of the one year period. However, within the one year period plaintiff, on advice of counsel, paid the dentist in full for the services to be rendered and subsequently sought indemnification from defendant company. Defendant refused payment claiming that under the medical expense provision of the policy it was only obligated to pay expenses for services which were actually performed within the one year period. The policy contained a provision limiting recovery to those medical expenses incurred within one year.

Relying heavily on the reasoning of the Maryland Casualty case and noting plaintiff had paid the dental bill in full within the one year period, the Michigan court affirmed judgment for plaintiff.

In Marroquin v. Trinity Universal Insurance Co., Tex.Civ.App., 394 S.W.2d 246, the Texas court implicitly limited the application of Maryland Casualty to those factual situations wherein it could be

shown the insured had legally obligated himself within the one year period to pay necessary medical expenses. There plaintiff's wife sustained injuries requiring medical expenses which were covered under a medical payment provision almost identical to the one at bar. Defendant company paid all expenses which became due within the one year period but refused to pay a claim of $512.55 for medical services which were rendered twenty-two months after the accident. The trial court denied plaintiff's claim and in affirming that decision [Marroquin v. Trinity Universal Ins. Co.] the appellate court at pages 247, 248 of 394 S.W.2d said: "In our opinion in order to hold defendant liable for the $512.55 we would necessarily have to rewrite the provision "to pay all reasonable expenses incurred within one year from the date of the accident * * *' to read, 'to pay all reasonable expenses incurred from the date of accident * * *.' Czarnecki v. American Indemnity Company, 259 N.C. 718, 131 S.E.2d 347 (1963).

"Since the provision in the policy is valid and unambiguous, we hold that under the undisputed facts in this case the medical expenses which arose approximately twenty-two months after the accident were not expenses incurred within one year from date of accident."

In Czarnecki v. American Indemnity Company, 259 N.C. 718, 131 S.E.2d 347, plaintiff had been under continuous medical care for a period exceeding one year from the date of the accident and brought suit to recover his expenses for the total medical services, including those rendered subsequent to the expiration of the one year period. The provision in issue read "to pay all reasonable expenses incurred within one year from the date of accident." The court considered the Maryland Casualty case and held the policy language clearly relieved the insurance carrier of any liability for the expense of those medical services rendered after the one year period.

In Reliance Mutual Life Insurance Co., of Ill. v. Booker, (Fla.App.) 166 So.2d 222, 10 A.L.R.3d 458, plaintiff sustained facial injuries requiring corrective plastic surgery, a portion of which for medical reasons could not be performed until after the expiration of the one year period. Her insurance policy afforded coverage for medical expenses "provided that such services shall be incurred within 52 weeks from the date of such injury." Plaintiff sought recovery for all medical expenses alleging the medical payments provision could be reasonably interpreted as affording coverage for those injuries such as hers, whose prospective treatment was deemed a medical necessity within the 52-week period.

In rejecting this contention the Florida court at page 224 of 166 So.2d said: "As used in the insurance policy here involved, the words contained in the proviso mean that the insured must have actually paid or must have become liable for the payment of such expense within 52 weeks from the date of the injury which necessitated the expense. * * *. At the time of the expiration of the 52-week period the plaintiff had not incurred any expense for medical services to be rendered in the future. An expense is the same as a debt, and it has been incurred when liability for payment attaches."

It must be noted that in all the cases heretofore discussed the courts have deemed it an indispensable prerequisite to recovery under medical payments provisions of the type here in issue that the insured has prepaid all or a portion of the bill for the anticipated services or otherwise bound himself contractually for such payment within the one year period. Plaintiff here has not alleged, nor does the record reveal, he has met either of these requirements. The unambiguous language of the policy provision here in question clearly required either the payment of the anticipated expenses within the one year period or the incurrence of a legal obliga-

tion within such period to pay such expenses in the future. Plaintiff's pleadings did not so allege. The ruling of the trial court was correct.

IV. Finally, plaintiff contends the record was insufficient to sustain the trial court's findings his claims were excluded by "other insurance" provisions in the Vern Hein policy and that payments received from other insurance companies were valid and collectible automobile medical payments insurance.

The pertinent provision of the policy provided: "The insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible automobile medical insurance. * * *."

As related supra, plaintiff actually paid out $323.45 medical expenses within one year after the accident. These expenses were itemized in the petition and represent doctor, ambulance and hospital expenses. Defendant denied this claim on the ground it had been paid by other automobile medical insurance.

Willard Dunfee's insurance carrier paid Mr. Hein $323.45. Additionally, he was paid $343.45 by another insurance company under a contract with his employer, John Deere Tractor Co.

■ As we understand plaintiff's initial contention under this assignment of error, it is that the "other insurance" provision is ambiguous. This argument is without merit. The provision when read in connection with the entire policy clearly applies to expenses resulting from injuries sustained in a non-owned automobile. It provides such coverage shall be excess insurance "over any other valid and collectible automobile medical payments insurance." It is undisputed Richard Hein was injured while occupying a non-owned automobile. Recovery to the extent he has been compensated by "any other valid and

collectible automobile medical payments insurance" is clearly barred.

Plaintiff further argues the evidence is insufficient to sustain the trial court's finding the $323.45 collected from Dunfee's insurance carrier was valid and collectible automobile medical payments insurance and therefore the "other insurance" provision does not bar his claim.

■ This law action was tried to the court. Consequently, the court was invested with full fact-finding powers. Rule 344(f), par. 1, R.C.P. provides findings of fact in a law action are binding upon us if supported by substantial evidence.

Defendant introduced all the pleadings as part of the record submitted to the trial court. They were received without objection by plaintiff. Plaintiff's petition alleges "That the American Standard Insurance Co., of Wisconsin, under a policy issued to Willard P. Dunfee, driver of the car in which Richard Allen Hein was riding at the time of the accident, paid the sum of $323.45 to plaintiff, but was not obligated to pay more under the terms of the policy."

The pleadings, however, do not specifically disclose whether the $323.45 payment from Dunfee's insurer was in fact paid under a medical payment provision of that policy.

On direct examination Vern Hein testified: "I received a check from Mosier (his attorney) for the medical bills and hospital bills and it was my understanding that Dunfee's insurance paid it. * * *. I had another insurance policy that paid these medical and hospital bills for Richard. That was with Travelers Insurance Company that I carried through John Deere."

The trial court found "that Mr. Dunfee's insurance policy provided the valid and collectible automobile medical payments in-

surance required to bring into operation the exclusion above set forth."

Rule 344(f), par. 16 provides: "An issue may be proven by circumstantial evidence; but this evidence must be such as to make the theory of causation reasonably probable, not merely possible, and more probable than any other theory based on such evidence. Generally, however, it will be for the jury or other trier of the facts to say whether circumstantial evidence meets this test." We have often so held. See Jennings v. Farmers Mutual Insurance Assoc., 260 Iowa 279, 149 N.W.2d 298, 301 and citations.

 "It is not necessary in a civil case that circumstantial evidence be so clear as to exclude every other possible theory." Davidson v. Cooney, 259 Iowa 1278, 1282, 1283, 147 N.W.2d 819, 822, and citations.

 There is substantial evidence, direct and circumstantial, to support the trial court's finding that Dunfee's insurance provided valid and collectible automobile medical payment such as to defeat plaintiff's claim of $323.45 against defendant.

We find no reversible error.

Affirmed.

All Justices concur.