PRUDENTIAL INSURANCE COMPANY
OF AMERICA, Appellant,

v.

Larry BEALL, Appellee.

No. 4384.

Court of Civil Appeals of Texas,
Eastland.

April 30, 1970.

Rehearing Denied May 22, 1970.

Wagstaff, Alvis, Alvis, Cochran & Leonard, Abilene, George W. Leonard, Jr., Abilene, for appellant.

Nelson Quinn, Abilene, for appellee.

COLLINGS, Justice. ·

Larry Beall brought this suit against Prudential Insurance Company of America to recover medical expenses under a group insurance policy issued by the defendant to plaintiff's employer, Eastern Kawasaki Motorcycle Corporation, hereinafter referred to as Kawasaki. The case was tried before the court without a jury and judgment rendered against the defendant for a total amount of $3,098.22, including principal, interest and attorney's fees. The Prudential Insurance Company has appealed.

The insurance policy sued upon is a group policy and the holder was appellee's employer Kawasaki. Appellee worked as an employee of Kawasaki during 1967 and through the 21st day of February, 1968, as a full time employee. On December 10, 1967, by reason of an automobile accident, appellee suffered an injury to his mouth and teeth causing him to incur certain medical expenses including the replacement of his teeth. Appellant paid the medical expenses performed up to December 31, 1967. It is undisputed that on that date the policy was terminated. The expenses here in controversy were for services performed after the policy was terminated.

The sole question presented on this appeal is whether appellee is entitled to re-

ceive payment for medical expenses required as a result of his injury where the services were performed after the termination of the policy,—that is whether there was a termination of the coverage before the services were performed. The appellant insurance company presents one point in which it is contended in effect that the court erred in rendering judgment for appellee for medical expenses, principally a dentist bill, under the insurance policy, which services were performed and expenses therefor incurred after the policy had terminated.

One of the provisions of the policy is that "The Employee Insurance of an Employee under a coverage will automatically terminate" when the provisions of the group policy for the insurance terminate. There are provisions in the policy for extension of coverage for medical care after the policy is ended where the injured employee was "totally disabled by the injury." It is undisputed that in the instant case appellee "was not totally disabled and did not continue to be totally disabled after December 31st, 1967." Appellant contends that appellee was not entitled to recover the expenses sued for because the only way he could be entitled to receive money from appellant after the policy terminated would be to bring himself within the terms of the extension of benefits provision above set out, which he has not done.

Appellee contends that the insurance policy, considered from its four corners, shows that it was intended to cover expenses for accidental injuries to teeth for a period of twelve months after the date of the contract. The policy is a volume of coverages, exclusions and definitions. Appellee seeks reimbursement for medical expenses which he has paid and contends is covered by the policy under the section thereof described as "Major Medical Expense Insurance." In that section it is provided that:

" 'Illness' means a bodily or mental disorder of any kind. All such disorders due to injuries sustained by a person in one accident will be considered one illness. Any such disorder which is the same as, or is related to, another existing or previously existing disorder will be considered with that disorder as one illness."

That section of the policy further provides:

## "A. ELIGIBLE CHARGES

These are the charges actually made to the Employee for the following services and supplies which are ordered by a Physician on account of illnesses of a covered individual, subject to Section D (Limitations and Exclusions of Eligible Charges). A charge is considered to be incurred on the date of the service or purchase for which the charge is made."

There is no contention that the charges in question were not "Eligible Charges", but appellant does contend that the expenses were incurred after the policy had terminated, and according to the terms of the policy were not covered.

Under Section D of the policy designated as "Major Medical Expense Insurance", there is a sub-heading designated as "Charges not Covered." Under Sub-section (3) of this portion of the policy it is provided:

"Any Generally Excluded Charges (see General Definitions), except that the 'Mouth Conditions Charges' part shall not apply to those charges for the treatment of accidental injury to natural teeth which are for Physicians' services or x-ray examinations and are incurred within twelve months of the accident (the treatment to include replacement of such teeth within that period.)"

In our opinion the above quoted provision, considered in connection with the policy as a whole, entitled appellee to the judgment rendered in his favor. The fact that this provision for coverage appears in the policy under a sub-heading

designated as "Charges not Covered" is not controlling. The wording plainly provides for payment of the charges enumerated which are incurred within twelve months of the accident.

■ The policy, under the portion designated "General Definitions", does state that generally excluded charges are not covered and that "mouth" conditions are not covered. However, the above quoted Sub-section (3) specifically provides coverage for charges for physicians and x-ray services and replacement of teeth as indicated therein. Apparently a conflict exists between that portion of the policy under "General Definitions" indicating that "mouth conditions" are not covered and the provision under Sub-section (3) providing coverage for charges including replacement of natural teeth within a period of twelve months after the accident. When there is a conflict between provisions of a policy or an ambiguity appears in an insurance contract drafted by the insurer, the provision or interpretation thereof most favorable to the insured will control. 32 Tex. Jur.2d 122, 125 and 126; Lerman v. Implement Dealers Mutual Insurance Company, 382 S.W.2d 285, (Tex.Civ.App., 1964, ref. n. r. e.); Indiana & Ohio Live Stock Insurance Company v. Keiningham, 161 S.W. 384, (Tex.Civ.App., 1913). Appellant's point is overruled.

The judgment is affirmed.