Arthur C. Áulisi, J.
In this action, tried before the court without a jury, the plaintiffs seek to recover benefits under a medical payment provision of an automobile liability insurance policy issued by the defendant to the plaintiffs.
Under the pertinent provision, defendant agreed "to pay all reasonable expenses incurred within one year from the date of accident” for necessary medical, surgical, hospital and other related services "to or for the named insured * * * who sustains bodily injury * * * caused by accident * * * while occupying the owned automobile”. The coverage provided is limited to $5,000.
On September 21, 1970, the plaintiff wife, while operating the covered automobile, became involved in an accident and suffered bodily injury. As a result of the injuries sustained, she was required to undergo surgery on two separate occasions. The operation on her lower back was performed on or shortly after September 30, 1971, while the operation on her neck was performed on or shortly after June 18, 1972. It was stipulated that all services rendered for her injuries were necessary and related to the accident; that the bills for such services were reasonable; and that the total expense was in excess of the policy limits. Before action was instituted, defendant paid to the plaintiffs the sum of $572.70, for expenses incurred within the one-year period, but, upon the trial, it was conceded that the billings up to September 21, 1971 amounted to $665. The only point of contention between the parties is whether the expenses in excess of $665 were "incurred” within one year from the date of the accident.
The precise question raised has been considered by the courts in this and other States. In some jurisdictions, it has been held that a medical expense is not incurred until the medical service which gives rise to the medical expense has been performed. (See, e.g., Reliance Mut. Life Ins. Co. of Ill. v Booher, 166 So 2d 222 [Fla].) In other jurisdictions, the insurer has been held liable for medical services which became necessary but were not performed within the stated time period, *191 where the insured contracted for the services of the physician before the expiration of the time period and either paid in advance (Maryland Cas. Co. v Thomas, 289 SW2d 652 [Tex]) or became obligated to pay (Drobne v Aetna Cas. & Sur. Co., 66 Ohio L Abs 1) for his services.
The courts of New York have adopted the more liberal construction of the term involved. In Whittle v Government Employees Ins. Co. (51 Misc 2d 498), the Appellate Term, Second Department, held (p 499) that "the word 'incurred’ * * * must be deemed to include any liability undertaken within a year of the accident for reasonable medical services necessitated as a result of the accident, irrespective of the time within which such services are completed.” In Perullo v Allstate Ins. Co. (54 Misc 2d 303), the insured visited the surgeon within one year after the accident and made arrangements for an operation, which was not performed until after the policy period. The insurer was held liable "since the diagnosis was made and the treatment arranged for prior to the end of the year” (supra, p 306). (Cf. Hughson v Hartford Acc. & Ind. Co., 72 Misc 2d 1027.)
In the instant case, the evidence tended to show that, prior to the expiration of the one-year period, the plaintiff wife, after a period of difficulty with her back and neck, consulted with a neurologist who had been highly recommended to her and a diagnosis was made. She testified that at that time she committed herself completely to his care and agreed to undergo and pay for any surgery required to alleviate her condition. On the same day, arrangements were made for her to be admitted to the hospital as soon as possible. A call to the hospital at that time indicated that September 30, 1971 was the first available date. On the scheduled date she was admitted to the hospital, and after a myelogram, surgery was performed on her lower back. The second operation, which had been indicated by the original diagnosis, was performed only after she had fully recovered from the first operation. Under these circumstances, the court finds that the expenses for the services rendered were incurred within the one-year period, notwithstanding that both operations were performed after the one-year period had expired. Any other construction would require that an injured party, in order to avail himself of the benefits of the policy, submit to hasty surgery, without the safeguard of standard medical testing procedures and regardless of his physical ability to undergo surgery at the *192 time and would deny him a choice in the selection of a surgeon whose schedule might not permit the operation to be performed within the one-year period. Apart from these considerations, there is always present a question of the availability of space in hospitals where his surgeon has hospital privileges, a situation over which an injured party has no control.
Plaintiffs letter of October 14, 1971, indicating that she would carry all other bills after one year, is not determinative of the issue since it was induced by representations made to her by defendant’s adjuster and upon which she relied.
We do not have here, as in Kirchoff v Nationwide Mut. Ins. Co. (19 AD2d 638), a policy which defines the term "incurred”. Absent such a definition, the term is given its common sense meaning. "[Ijncurred means become liable for.” (Rubin v Empire Mut. Ins. Co., 25 NY2d 426, 429, citing Beekman v Van Dolsen, 70 Hun 288, 294.)
In view of the foregoing, the court finds that the plaintiffs are entitled to a judgment in the sum of $4,427.30, as demanded in the complaint.