NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY, Appellant,

v.

Ginger GLENN, Appellee.

No. 17983.

Court of Civil Appeals of Texas,
Fort Worth.

June 15, 1978.

Rehearing Denied July 20, 1978.

Atwell, Cain & Davenport and Mark T. Davenport, Dallas, for appellant.

Robert L. Ivy, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Defendant Northwestern National Life Insurance Company has appealed from an adverse judgment in favor of plaintiff Ginger Glenn for benefits under a group health and accident policy upon the employees of United Flooring Industries, Inc. and upon the dependents of such employees.

We reverse and render.

Ginger Glenn was a dependent of an employee of United Flooring at a time when the policy was in effect for the period of one year ending October 2, 1973. After such termination date the policy was not renewed because United Flooring was not, on and after such time, the employer of a sufficient number of persons to entitle it to renew.

On March 23, 1973, while such policy was in force, there occurred an automobile collision unrelated to any activity of United Flooring. Ginger Glenn was injured in and as the result of such collision, she was rendered totally disabled. Her disability continued at all material times. From the date of her injuries medical and hospital expenses were begun to be incurred. These expenses were continuous, not only to date of October 2, 1973, but to January 2, 1974, and thereafter for an extended period.

By policy provisions the coverage afforded by the insurance policy continued as applied to medical and hospital expenses of Ginger Glenn to January 2, 1974. The insurance company admitted liability therefor. It denied liability for expenses because of services rendered in her care thereafter, though made necessary by reason of her injured condition.

To be observed is that at no time prior to January 2, 1974 did Ginger Glenn or anyone for her contract with doctors or hospitals, in exchange for some amount paid or to be paid, for her treatment or care after January 2nd. In other words, it is apparent that as each occasion might thereafter arise whereby there was some treatment or hospitalization made necessary by her condition Ginger Glenn would then contract therefor.

The January 2, 1974 date, exactly three months after the policy termination date of October 2, 1973, is important because of the policy provisions (abbreviated) hereinafter set out:

TERMINATION OF DEPENDENTS' INSURANCE:

The Dependents' Insurance of an Insured shall terminate on the earliest of the following dates:

.    .    .    .    .

(b) Termination of the Policy or the Dependents' Insurance portion of the Policy, . . .

.    .    .    .    .

EXTENSION IN EVENT OF TOTAL DISABILITY: An extension of insurance will be granted to an Insured or insured Dependent who is totally disabled on the date his Basic Health Insurance and Major Medical Insurance terminates. . . The insurance with respect to such . . will remain in force, without payment of premiums, with respect to the sickness or accidental injury causing the total disability. This extension of insurance will continue until (a) cessation of the total disability, or (b) 3 months after the date his Basic Health Insurance and Major Medical Insurance otherwise terminates, *whichever first occurs.* (Emphasis supplied.)

The clear and unambiguous provisions of the policy—disregarding the fact that it is a volume of coverages, exclusions and definitions, requiring hours of study and analysis even by one schooled to determine its full import—is that Ginger Glenn was insured as applied to medical and hospital expenses from time she was injured while the policy was in effect to date of January 2, 1974, the termination date of the insurance afforded as applied to expenses made necessary because of her injuries in the collision of March 23, 1973.

The trial court expressly stated that judgment was rendered for Ginger Glenn because of the "n. r. e." stamp of the supreme court upon the opinion of the Amarillo court of civil appeals in the case of *Maryland Casualty Company v. Thomas,* 289 S.W.2d 652 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.). We find ourselves in accord with the decision in that case because there had been a contract made prior to the termination date of insurance for the services to be rendered to the injured insured after that termination. There it appears that dental work was necessary in the treatment for injuries sustained while an insurance policy was in effect and there was a price contracted for them as a completed contract or "turn-key job." A part of the dental work had already been performed by the policy termination. This fact was observed in *Czarnecki v. American Indemnity Company,* 259 N.C. 718, 131 S.E.2d 347 (Supreme Court of North Carolina), a case in which there was refusal to find that date expenses were contracted would relate back and be considered as incurred on the date of the event by reason of which they were made necessary.

We do not find ourselves in agreement with that part of the *Maryland Casualty Company v. Thomas, supra,* opinion in which there was the holding that medical expenses were "incurred" as of the date of an injury which occasioned necessary services thereafter, rendered in attending or correcting the injuries sustained.

It is interesting that at least one insurance company, obviously conscious of the holding of the Amarillo court, caused its policies to provide that "a charge is considered to be incurred on the date of the service or purchase for which the charge is made." See *Prudential Insurance Company of America v. Beall,* 454 S.W.2d 478 (Tex. Civ.App.—Eastland 1970, writ ref'd n. r. e.).

To hold, as we do, that the expenses at issue in the instant case were not expenses covered by the policy is to adhere to a prior opinion and judgment of this court deciding, as applied to a policy providing coverage for similar expenses incurred within one year from the date of an accident, that there was the exclusion of liability for expenses thereafter arising. See *Marroquin v. Trinity Universal Insurance Co.,* 394 S.W.2d 246 (Tex.Civ.App.—Fort Worth 1965, no writ).

We hold that Ginger Glenn's expenses for medical and hospital care not having been contracted by her to be paid antecedent to

the date coverage of the insurance policy ceased as applied to her, did not constitute expenses "incurred" while the policy was in force; that by the terms of the policy contract they were not expenses as to which she had insurance protection.

The student is directed to 75 A.L.R.2d 876, Annotation: "Insurer's liability under accident policy which terminated after accidental injury but prior to completion of medical treatment, hospitalization, and the like."

The trial court's judgment is reversed; judgment is here rendered that plaintiff Ginger Glenn take nothing by her suit against defendant Northwestern National Life Insurance Company.