RIVERSIDE INSURANCE COMPANY
OF AMERICA, Appellant,

v.

Bettie J. CARGILL, Appellee.

No. 8906.

Court of Civil Appeals of Texas,
Amarillo.

Aug. 14, 1978.

Rehearing Denied Sept. 18, 1978.

Crenshaw, Dupree & Milam, Cecil C. Kuhne, Lubbock, for appellant.

Walters & Associates, Carolyn L. Jordan, Lubbock, for appellee.

DODSON, Justice.

This is an appeal from a summary judgment in which Bettie J. Cargill, appellee-plaintiff, collected $2,549.55 plus attorney's fees, penalty and interest under an automobile insurance policy issued by Riverside Insurance Company, appellant-defendant. The contested provision provides for the insurer to pay all reasonable expenses incurred within one year from the date of the accident for necessary medical and other specified services not to exceed $5,000. The parties stipulated that Bettie J. Cargill received treatment totaling $2,450.45 within one year of her November 1, 1974, accident. She commenced this action to obtain $2,549.55 for treatment incurred more than one year following the accident. Both parties moved for summary judgment. The trial court granted Mrs. Cargill's motion while denying Riverside's motion. Riverside appeals. We reverse and render.

The pertinent provision of the insurance policy provides:

## PART II—EXPENSES FOR MEDICAL SERVICES

Coverage C—Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services.

We are called upon to determine the legal effect to be given the language "expenses incurred within one year from the date of the accident."

Mrs. Cargill began receiving medical treatment for her injuries on the date of the accident and was continuing to receive treatment at the time she filed this cause of action. Her claim is for medically related services which were rendered, charged and paid for more than one year from the date of the accident.

Mrs. Cargill maintains that all of her medically related expenses were incurred in

the legal sense when she was injured in the accident. She asserts as immaterial the fact that medical services were not contracted for, rendered or paid within the policy's one year period. In essence, she says that the one year provision is legally inoperative.

In support of her position Mrs. Cargill directs us to the language in *Maryland Casualty Company v. Thomas*, 289 S.W.2d 652, 655 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.) where the court stated:

[W]e think appellant became liable to appellee for 'all reasonable expenses . . caused by the accident' on the day it occurred. A debt has been incurred when liability attaches; a contingency promise to pay has been incurred when the contingency upon which the payment depends occurs. It was then known that appellant would be liable for Kim's injuries only to the extent of a total of $1000 (limit of policy) and no more. However, in our opinion, appellant was liable for all reasonable expenses not to exceed $1000 for the repairs of Kim's injuries caused by the accident whether the services correcting them have or have not been performed within one year from the date of the accident.

This language, however, must be viewed in context with the pertinent facts.

In *Thomas*, as pointed out in *Marroquin v. Trinity Universal Insurance Company*, 394 S.W.2d 246, 247 (Tex.Civ.App.—Fort Worth 1965, no writ) (emphasis added), the pertinent facts were:

[A] nine year old boy was injured in an automobile accident. Extensive dental work was necessary but, because of the age of the boy and the necessity of a bridge, the work could not be done until he had permanent teeth to which a bridge could be anchored. Within one year following the date of the accident, the father of the boy contracted with and paid a fixed amount to a dentist for the services to be rendered. *Under the facts, it was held that the expenses had been "incurred" within the one year period.*

Thus, in *Thomas*, the significant factor was the prepayment, within one year of the accident, of contemplated but postponed dental services to the young boy which were medically infeasible to be performed within the one year period.

Mrs. Cargill also relies on *Humphries v. Puritan Life Insurance Co.*, 311 So.2d 534 (La.App.1975); *Valladares v. Monarch Insurance Co.*, 282 So.2d 569 (La.App.1973), and *Farr v. Travelers Indemnity Co.*, 84 Misc.2d 189, 375 N.Y.S.2d 229 (Sup.Ct.1975) which took the view that all reasonable medical services for the treatment of injuries sustained in the accident are incurred on the date of the accident, regardless of when such services are performed, charged or paid. We note, however, that *Farr* properly cites *Thomas* for the proposition that liability attaches when payment is made within the policy's prescribed period for services later performed.

On the other hand, the Insurance Company maintains that by paying all medical services charged or rendered to Mrs. Cargill during the one year period from the date of the accident its liability under the policy is consummated. To support its contention the Insurance Company relies on *Marroquin v. Trinity Universal Insurance Co., supra; Hein v. American Family Mutual Insurance Co.*, 166 N.W.2d 363 (Iowa 1969); *Lefebvre v. Government Employees Insurance Co.*, 110 N.H. 23, 259 A.2d 133 (1969); *Nagy v. Lumbermens Mutual Casualty Company*, 100 R.I. 734, 219 A.2d 396 (1966); *Reserve Life Insurance Co. v. Coke*, 254 Miss. 936, 183 So.2d 490 (1966); *Czarnecki v. American Indemnity Co.*, 259 N.C. 718, 131 S.E.2d 347 (1963). *See also Northwestern National Life Insurance Co. v. Glenn*, 568 S.W.2d 693 (Tex.Civ.App.—Fort Worth, 1978). These cases represent the prevailing view that medical expenses are incurred (under the same or similar policy provisions as before us) when the expenses are charged, paid, obligated to be paid, prepaid or the services are rendered or performed within one year from the date of the accident. This view supports the result reached in *Thomas* upon its pertinent and controlling facts (prepayment of expenses within one year for postponed services).

Mrs. Cargill makes no contention that within one year from the date of the accident she prepaid for any postponed, planned or contemplated medical treatment which was medically infeasible to be performed within one year from the date of the accident. Absent such showing, we do not credit the quoted language from *Thomas* relied upon by Mrs. Cargill, which is consistent with the out-of-state view expressed in *Valladares, Humphries* and *Farr*, as representing the current view in Texas. Rather, we conclude that under the prevailing view the policy provision in the case at bar obligates the Insurance Company only for the medical services rendered to Mrs. Cargill or paid within one year from the date of the accident, and consequently the company is not liable for any services rendered, charged or paid for by Mrs. Cargill after the expiration of the one year period.

This holding is in keeping with the rule of construction that requires us to give plain and ordinary meaning to the term "expenses incurred within one year from the date of the accident" since the term is not defined in the insurance policy. *De La Cruz v. Combined American Insurance Co.*, 527 S.W.2d 820, 821 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.). For us to hold the Insurance Company liable for all reasonable services rendered to Mrs. Cargill (not to exceed the $5,000 policy limit) for injuries received by her in the accident, we would necessarily have to rewrite the provision "[t]o pay all reasonable expenses incurred within one year from the date of the accident . . ." to read "to pay all reasonable expenses incurred from the date of the accident," thereby deleting the phrase "within one year." This we decline to do. The Insurance Company's points of error are sustained.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered that Bettie J. Cargill take nothing by her cause of action against Riverside Insurance Company of America. All costs are charged to Mrs. Cargill.