RESERVE LIFE INSURANCE COMPANY *v.* COKE

No. 43834          February 28, 1966          183 So. 2d 490

*Bacon & Smith,* Jackson, for appellant.

*Ralph E. Pogue,* Aberdeen, for appellee.

SMITH, J.

Reserve Life Insurance Company has appealed from a judgment entered against it by the Circuit Court of Monroe County in favor of Will Edd Coke in the amount of $329.50.

Appellant issued its health and accident policy to Will Edd Coke, the appellee, providing indemnities against liability for hospital and surgical expense "actually incurred," not to exceed $6 per day. The policy also covered appellee's wife, Mrs. Betty Ann Coke. Mrs. Coke was a patient in the Mississippi State Sanatorium at Magee, Mississippi, during 1963, for 52 days.

After Mrs. Coke was discharged, the State Sanatorium submitted a bill to Mr. Coke for his wife's hospitalization in the amount of $8 per day. When, however, it was discovered that Mr. Coke had a hospitalization policy that paid up to $6 per day, the bill was reduced to $6 per day.

Reserve Life Insurance Company refused to pay the amount of $6 per day, but said that it would pay the maximum of $21 per week, or $3 per day, as provided by Mississippi Code Annotated section 6872 (1952). That

section provides that there shall be collected from patients in the State Sanatorium not less than $5 per week, nor more than $21 per week, according to the patient's "ability to pay." Appellee declined to accept this offer, and Reserve Life Insurance Company paid into court the sum of $173.50, which included hospitalization expense computed at the statutory maximum rate of $21 per week.

It is the contention of Reserve Life Insurance Company that Section 6872 fixes $21 per week as the maximum which may be charged for hospitalization at the State Sanatorium, and therefore appellee could not legally incur hospital expense in excess of that amount.

At the conclusion of the evidence on behalf of the plaintiff (appellee), and without the defendant ever having rested, the court sustained a motion for a directed verdict for the plaintiff. However, no point is made on this appeal that the defendant was not allowed to present testimony.

The policy insured appellee against certain "expenses of hospital confinement" incurred while the policy was in force.

These "hospital expense benefits" are specified on the front page of the policy under Schedule A, Part One. Here the policy provided:

". . . If the insured . . . shall be necessarily confined within a recognized hospital as a resident patient on account of . . . such sickness, the Company will pay the Insured (or the Hospital if authorized by the Insured to do so) for the following items of hospital expense *actually incurred* by the Insured or member of the Family Group . . . (Emphasis added.)

"A. HOSPITAL ROOM, including meals and general nursing care, not to exceed Six Dollars ($6.00) per day, for the period that the Insured or member of the Family Group shall be confined therein, .. . ."

The first provision for the State Sanatorium made by

the Mississippi Legislature is embodied in Chapter 109, Mississippi Laws 1916. Section One of that Act provides that, ''a sanatorium for the prevention and treatment of tuberculosis shall be established.''

Mississippi Code Annotated section 6872 (1952) is as follows:

''The State Board of Health shall determine the qualifications and conditions for admission of those applying as patients to the institution, and shall make all bylaws and regulations that may be necessary for the government of said sanatorium, provided they shall direct the superintendent to collect from each patient admitted into the institution a sum of not less than five ($5.00) dollars per week nor more than twenty-one ($21.00) dollars per week according to the patient's ability to pay; the said sum of money shall be collected each month and shall constitute a lien on any property owned by said patient which may be subject to execution, or, in case of minor, against the parent or guardian. The said sanatorium shall be conducted so that it may be as nearly self-supporting as shall be consistent with the purpose of its creation, and the Board of Health is empowered and authorized to take such steps as may be necessary for the collection of said sums of money and to do such other things as may appear to them reasonably necessary and incident to the proper management of the institution.''

Several grounds are assigned by appellant as requiring the reversal of this case. We consider it necessary to notice only one. Were hospitalization expenses ''actually incurred'' by appellee within the meaning of the policy, in the amount of $6 per day, or were the expenses incurred limited to the maximum permitted to be charged under Section 6872, *supra?*

It is contended by appellee that, notwithstanding the provisions of the above statute, the administrative authority of the sanatorium was authorized within its dis-

cretion to exceed the maximum charge fixed in the statute, if a patient was able to pay more. The patient here was able to pay.

■■ ■ The Mississippi State Board of Health is an administrative board created by the legislature, and its powers are defined and limited by statute. In Tepper Bros. v. Buttross, 178 Miss. 659, 664, 174 So. 556 (1937), this Court said:

". . . The statutory rule of construing laws is that where a statute enumerates the powers given, it must be held that it names all the powers dealt with therein, and that there is nothing implied. State ex rel. Greaves v. Henry, 87 Miss. 125, 40 So. 152, 5 L. R. A. (N.S.) 340. . ."

In 73 C.J.S. *Public Administrative Bodies and Procedure* section 94 at 414-15 (1951), it is stated:

"A public administrative body may make only such rules and regulations as are within the limits of the powers granted to it and within the boundaries established by the standards, limitations, and policies of the statute giving it such power, and it may go no further than to make administrative rules and regulations which fill in the interstices of the dominant enactment. It may make only rules and regulations which effectuate a law already enacted, and it may not make rules and regulations which are inconsistent with the provisions of a statute, particularly the statute it is administering or which created it, or which are in derogation of, or defeat, the purpose of a statute, and it may not, by its rules and regulations, amend, alter, enlarge, or limit the terms of a legislative enactment."

In Broadhead v. Monaghan, 238 Miss. 239, 117 So. 2d 881, (1960), this Court said:

. . . "As stated by the textwriter in 73 C.J.S., 323, Public Administrative Bodies and Procedure, par 29, 'The law-making power may not be granted to an

administrative body to be exercised under the guise of administrative discretion.' Accordingly, in delegating powers to an administrative body with respect to the administration of statutes, the legislature must ordinarily prescribe a policy, standard, or rule for their guidance and must not vest them with an arbitrary and uncontrolled discretion with regard thereto.'' 238 Miss. at 263, 117 So. 2d at 892.

The question here is whether appellee ''actually incurred'' hospital expenses in excess of $21 per week, within the meaning of the policy. The situation is analogous to that considered in several cases involving treatment in a government hospital of a veteran or service man entitled to receive such treatment without cost. In those cases, it has been held that since the veteran was not legally liable for hospital charges he had not legally ''incurred'' the expense and was not entitled to payment under a policy which provided for reimbursement for ''incurred'' medical and hospital expenses.

Irby v. Government Employees Ins. Co., 175 So. 2d 9 (La. 1965), involved a suit for reimbursement for medical and hospital expenses. The court said:

''Under the pertinent portion of the policy's medical payments provision the insurer is required to pay to the insured, who has sustained bodily injury caused by accident, '* * * all reasonable expenses incurred * * * for necessary medical, surgical, X-ray and dental services, * * * and necessary ambulance, hospital, professional nursing and funeral services: * *.' As established by the record and under the provisions of a Federal statute, 42 U.S.C.A. § 253, plaintiff was never charged with the medical and hospital services he received and, because of his status as a member of the United States Coast Guard on active duty, he was under no obligation to pay for those services; the government was required to furnish them without charge. . . .

"As used in the policy in suit the word 'incurred' emphasizes the idea of liability and the definition of 'incur' is: 'To have liabilities (or a liability) thrust upon one by act or operation of law'; a thing for which there exists no obligation to pay, either express or implied, cannot in law constitute an 'incurred expense'; a debt or expense has been incurred only when liability attaches. Drearr v. Connecticut General Life Insurance Co., La. App. 119 So. 2d 149; United States v. St. Paul Mercury Indemnity Co., 8 Cir., 238 F. 2d 594; see also Stuyvesant Insurance Co. of New York v. Nardelli, 5 Cir., 286 F. 2d 600, 603." 175 So. 2d at 10.

". . . . As the policy requires payment by the defendant only of 'incurred' expenses and as plaintiff never was under any obligation to pay the medical and hospital expenses and therefore never 'incurred' the same, the defendant cannot be forced to pay under its contract. The same question was before this court, and the same result was reached, in the case of Drearr v. Connecticut General Life Insurance Co., supra." 175 So. 2d at 10-11.

In Stuyvesant Ins. Co. of New York v. Nardelli, 286 F. 2d 600, 603 (5th Cir. 1961), cited in the *Irby* case, *supra,* the court said: "The term 'incur,' when used in policies of insurance, has a fixed legal meaning. 'A debt has been incurred when liability attaches; . . .' "

■■ The policy here under consideration provides for indemnity against liability for hospital expenses "incurred." This contemplates expenses for which the policyholder has become legally liable.

■■ Under the statute, the Board of Health was restricted to a charge of not more than $21 per week. For that reason, appellee incurred no legal liability in excess of that sum for the hospitalization of his wife in the sanatorium. The statute has not been revised in recent years and admittedly the charges authorized are

944

quite small; however, ■■■ the amendment of this statute is a matter within the exclusive province of the legislature.

A cross-appeal appears to be without merit and has been expressly abandoned by appellee. The case will be affirmed on cross-appeal, and on direct appeal the judgment of the lower cort will be reversed and judgment entered here limiting appellee's recovery to the sum of $173.50, the amount paid into court by appellant.

Affirmed on cross-appeal; reversed and judgment for appellant on direct appeal.

*Gillespie, J. J., and Brady, Patterson, and Robertson, JJ.*, concur.