SUE B. ATKINS v. THE GREAT AMERICAN INSURANCE
COMPANY

No. 7210DC292

(Filed 28 June 1972)

1. **Insurance § 68— medical payments coverage — when expenses are "incurred"**

Expenses are "incurred" within the meaning of a medical payments provision of an automobile policy when one has paid or become legally obligated to pay such expenses.

2. **Insurance § 68— medical payments coverage — dental expenses — when incurred**

Plaintiff had not "incurred" dental expenses within a year after an accident within the meaning of a medical payments provision of an automobile policy, where plaintiff and a dentist had agreed that certain dental work would be performed in the future at a time when it was appropriate from a dental standpoint, but plaintiff did not specifically agree that such dentist would perform the work or that she would pay him his proposed fee of $946.00, plaintiff not being legally obligated to pay the dentist.

APPEAL by plaintiff from *Preston, District Judge,* January 1972 Session of District Court held in WAKE County.

The matter was heard by Judge Preston without a jury upon an agreed statement of facts. The nature of the action and the facts are set forth therein and are as follows:

"This action was brought by plaintiff to recover from defendant the sum of $946.00 in alleged dental expenses under the terms and provisions of the medical payments coverage provided by an insurance policy issued by defendant.

Defendant contends that plaintiff is not entitled to recover such sum inasmuch as the coverage involved covers only reasonable expenses 'incurred within one year from the date of accident,' and such dental work has not been accomplished, such sum of money has not been paid by plaintiff, and plaintiff would not incur an obligation to pay such sum until and unless such dental work is accomplished. Since more than one year has now elapsed since the date of the accident, defendant contends that the sum sued for is not covered under the provisions of its medical payments insurance coverage.

Plaintiff contends that despite this the sum represents 'reasonable expenses incurred within one year from the date of accident' and that plaintiff is therefore entitled to recover such sum.

The parties stipulate and agree that defendant has already paid to or on behalf of plaintiff the sum of $1,084.39, and inasmuch as the medical payments insurance provision is limited to the total sum of $2,000.00, in any event the most plaintiff would be entitled to recover in this action would be $915.61, which represents the total amount of medical payments coverage available in this case.

By consent of both plaintiff and defendant, through their respective counsel of record, it is agreed that a trial by jury in this case is hereby waived in all respects and that this controversy shall be submitted to the presiding judge of Wake County District Court upon the foregoing stipulation and the following agreed statement of facts, in order that this court may rule as a matter of law whether or not plaintiff is entitled to recover the sum of $915.61 under the terms of defendant's insurance policy as hereinafter set forth. Such agreed statement of facts is as follows:

1. On July 21, 1969, defendant issued to Rudolph Hart Hodge its automobile insurance policy No. 3-60-76-48, a copy of which is attached hereto and incorporated by a reference to this agreed statement of facts.

2. On August 30, 1969, at which time the aforementioned policy was in full force and effect, plaintiff Sue B. Atkins was occupying the automobile insured by such policy as a passenger when such automobile was involved in a motor vehicle accident as the result of which Sue B. Atkins sustained oral injuries requiring extensive dental work.

3. Under the terms and provisions of the medical payments coverage contained in the aforementioned insurance policy, defendant has paid to, or in behalf of, Sue B. Atkins, the sum of $1,084.39 for medical or dental bills in connection with medical or dental treatment received by Sue B. Atkins.

4. On July 29, 1970, Sue B. Atkins was examined by Dr. David W. Seifert, Jr., a dentist, and was advised that

in the future she would lose all six lower anterior teeth and he recommended to her that these teeth be extracted at a future date and replaced with a fixed bridge, and on such date plaintiff and Dr. Seifert agreed that such work would be performed in the future at a time when it was appropriate from a dental standpoint. He stated to her that his fee for extracting the teeth and replacing them with the bridge would be $946.00, $900.00 of which represented the charge for the bridge and $46.00 of which represented the charge for extracting the six teeth and x-rays. In Dr. Seifert's opinion the need for such treatment was wholly occasioned by the impact and laceration received in the automobile accident of August 30, 1969.

5. As of the date upon which this agreed statement of facts is executed none of the treatment so advised by Dr. Seifert (referred to in stipulation No. 4) has been performed and no portion of the $946.00 which Dr. Seifert says will be his fee for performing such work has been paid by plaintiff to Dr. Seifert."

Based upon the agreed facts the judge found and concluded as a matter of law that the charges for the extraction of plaintiff's six teeth and their replacement with a bridge was not incurred by the plaintiff within one year from the date of the accident causing plaintiffs' injuries, and that plaintiff was not entitled to recover. From the judgment entered, plaintiff appealed.

*Sanford, Cannon, Adams & McCullough by Richard G. Singer for plaintiff appellant.*

*Teague, Johnson, Patterson, Dilthey & Clay by Grady S. Patterson, Jr., for defendant appellee.*

MALLARD, Chief Judge.

Plaintiff contends that under the agreed statement of facts the trial judge committed error in failing to conclude as a matter of law that the plaintiff had obligated herself within one year after the accident to pay for the dental services to be performed in the future at a time when it was appropriate from a dental standpoint, and that this entitled her to recover of the defendant the sum of $915.61 under the terms of its automobile insurance policy issued to Rudolph Hart Hodge. The per-

tinent provisions of the policy read: "To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices . . . . "

The question presented involves the proper definition of the word "incurred."

"Where the contract of insurance provides for the payment of medical expenses 'incurred' within a specified time period, it is by definition not necessary that payment be made in the specified time, but there is coverage when the liability to pay becomes fixed by contract within the specified time period.

So it has been held under the provision of an automobile policy for payment of medical expenses of a passenger 'incurred within one year' from the date of an accident, that if the doctor was engaged and his services were contracted for within the year, and if the plaintiff was bound to pay or did pay a certain sum within the year, and the doctor afterward complied with the contract and performed the services after one year, then the plaintiff would have incurred such expenses within the year, and the insurer would be liable therefor, but if payment was made after one year, such expenses would not have been incurred within the year." Couch on Insurance 2d, § 48:72.

In the case of *Graham v. Insurance Co.*, 274 N.C. 115, 161 S.E. 2d 485 (1968), it is said:

"Webster's T h i r d International Dictionary—Unabridged (1961) defines *incur:* 'to meet or fall in with (as an inconvenience) ; become liable or subject to: bring down upon oneself (incurred large debts to educate his children) (fully deserving the penalty he incurred).' This definition was quoted with approval by this Court in *Czarnecki v. Indemnity Co.*, 259 N.C. 718, 720, 131 S.E. 2d 347, 349. See also *Reliance Mutual Life Insurance Co. of Ill. v. Booher*, 166 So. 2d 222 (Fla. Dist. App.) ; 42 C.J.S. 552 (1944).

In considering the meaning of *incurred* as used identically in a policy issued by this same defendant, the Supreme Court of Mississippi in *Reserve Life Insurance Co. v.*

*Coke*, 254 Miss. 936, 943, 183 So. 2d 490, 493, adopted the following definition from *Irby v. Government Employees Insurance Co.*, 175 So. 2d 9 (La. App.) :

' " As used in the policy in suit the word 'incurred' emphasizes the idea of liability and the definition of 'incur' is : 'To have liabilities (or a liability) thrust upon one by act or operation of law' ; a thing for which there exists no obligation to pay, either express or implied, cannot in law constitute an 'incurred expense' ; a debt or expense has been incurred only when liability attaches. *Drearr v. Connecticut General Life Insurance Co.*, La. App., 119 So. 2d 149; *United States v. St. Paul Mercury Indemnity Co.*, 8 Cir., 238 F. 2d 594; see also *Stuyvesant Insurance Co. of New York v. Nardelli*, 5 Cir., 286 F. 2d 600, 603," 175 So. 2d at 10.' *Accord, Maryland Casualty Co. v. Thomas*, 289 S.W. 2d 652 (Tex. Civ. App.) ; *Hermitage Health and Life Insurance Co. v. Cagle*, 420 S.W. 2d 591 (Tenn. App.)"

[1] We hold that expenses are incurred within the medical payment coverage hereinabove quoted when one has paid, or become legally obligated to pay such expenses within one year from the date of the accident. *Graham v. Insurance Co., supra.*

[2] In the case of *Maryland Casualty Co. v. Thomas*, 289 S.W. 2d 652, cited by plaintiff, the appellee had already paid the dentist for the dental work to be thereafter performed on a child. In the case before us the plaintiff (presumably an adult) had not paid within one year from the accident for the dental work, which the dentist had "advised" would be necessary at some time "appropriate from a dental standpoint," nor had she become obligated to pay therefor. It is noted that the accident occurred on 30 August 1969 and when the agreed statement of facts was filed on 8 December 1971, the treatment so "advised" by the dentist had not been performed or paid for. Although the plaintiff and the dentist had "agreed that such work would be performed in the future," the plaintiff did not specifically agree that the dentist in question would perform the work or that she would pay him his proposed fee of $946.00. We are of the opinion and so hold that upon the agreed statement of facts neither the plaintiff nor her estate, in the event of her death, was legally obligated to pay the dentist, and therefore, that

Judge Preston correctly held that the plaintiff was not entitled to recover.

Affirmed.

Judges CAMPBELL and BRITT concur.