THOMAS EDWARD LANE, a minor, by his Guardian ad Litem, MAXINE SIMS SWAIN v. THE AETNA CASUALTY & SURETY COMPANY

No. 7928DC1146

(Filed 16 September 1980)

Insurance § 87.1; Contracts § 14.2; Parent and Child § 7— automobile liability insurance — medical expenses for child incurred by parent — no cause of action in child — parent's action barred by statute of limitations

In an action to recover under the medical payments coverage of an automobile liability insurance policy, the trial court properly dismissed minor plaintiff's action on the ground that he had no cause of action under the insurance policy, and properly determined that the cause of action of plaintiff's mother for reimbursement of medical expenses incurred by her for the care and treatment of her son was barred by the three year statute of limitations, since the policy in question was issued to plaintiff's mother as named insured, covered relatives of the named insured who were residents of the same household, and provided for payment of "all reasonable expenses incurred within one year from the date of accident"; plaintiff was not a direct beneficiary of the insurance contract, as the intent of the parties was to protect and reimburse the person who actually *incurred* the expenses, in this case plaintiff's mother; plaintiff's mother provided for his support and there was no evidence that she refused or was unable to provide for his necessaries, which would have obligated plaintiff for the expense of his medical treatment; and the mother, who did "incur" expenses within the meaning of the policy, made a claim for expenses on 22 November 1977, while the expenses were incurred between 5 June 1974 and 27 September 1974.

Appeal by plaintiff from *Roda, Judge.* Judgment entered 19 October 1979 in District Court, Buncombe County. Heard in the Court of Appeals 26 August 1980, at Waynesville, North Carolina.

This is an action in contract on an automobile liability insurance policy. Plaintiff, then a minor, instituted the action through his mother, Maxine Sims Swain, against defendant insurance company. Maxine Sims Swain was appointed plaintiff's guardian ad litem on 10 February 1978.

The policy, effective 5 March 1974 to 5 March 1975, was issued to Maxine Sims Swain as named insured. Persons insured, with respect to a non-owned automobile, include "any relative, but only with respect to a private passenger automobile or trailer, provided his actual operation ... is with the permission, or reasonably believed to be with the permission, of

the owner and is within the scope of such permission . . . ." The policy defines "relative" as "a relative of the named Insured who is a resident of the same household."

The medical payments coverage, limited to $2,000, provides in pertinent part:

> To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:
>
> Division 1. To or for the named Insured and each relative who sustains bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury," caused by accident,
>
> . . . .
>
> (b) while occupying a non-owned automobile, but only if such person has, or reasonably believes he has, the permission of the owner to use the automobile and the use is within the scope of such permission, . . .

The medical payments coverage for a non-owned automobile is "excess insurance over any other valid and collectible automobile medical payments insurance." The Proof and Payment of Claim provision reads: "The Company may pay the injured person or any person or organization rendering the services and such payment shall reduce the amount payable hereunder for such injury."

The parties waived jury trial and submitted a stipulation of the facts to the judge. The relevant facts are:

On 5 June 1974 plaintiff, Thomas Edward Lane, was a thirteen-year-old child residing with and in the custody of his mother, Maxine Sims Swain, who had responsibility for the necessary medical treatment of said child. On that day Thomas was operating a 1962 Renault automobile registered to Roger Dean Waldrop. Thomas had, or reasonably believed he had,

permission of the owner to use the automobile and his use was within the scope of such permission. Plaintiff lost control of the vehicle, ran off the highway, overturned, and sustained injuries. Hospital and medical bills totalling $5,389.44 accrued between 5 June 1974 and 27 September 1974 as a result of the injuries.

Memorial Mission Hospital, Asheville Bone and Joint Clinic (Dr. Wayne Montgomery), Asheville Anesthesia Associates, and Asheville Radiological Group, P.A. billed Thomas's mother for medical services rendered to plaintiff. Asheville Orthopedic and Rehabilitation Center, Inc. billed Robert S. Swain, Thomas's stepfather, the sum of $2,420.59 for plaintiff's treatment. Asheville Radiological Group, P.A. also billed Thomas E. Lane the sum of $14.50 for reading x-rays.

Maxine Sims Swain paid $640.85 to Memorial Mission Hospital. Continental Casualty Company paid $1,393.75 to Memorial Mission Hospital and part of the amount due Asheville Bone and Joint Clinic. The record does not disclose whether the remaining bills were paid. On 12 September 1977 State Farm Mutual Automobile Insurance Company, insurer for Roger Dean Waldrop, made a compromise settlement for $900 on medical payments insurance covering the 1962 Renault.

Plaintiff, by and through his attorney, made a claim for hospital and medical expenses incurred by Thomas Edward Lane to an agent of defendant on 22 November 1977. Defendant refused to pay the claim. Plaintiff commenced this action 10 February 1978.

Defendant moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on 28 March 1978, alleging that the medical expenses were incurred by the mother, not the minor plaintiff, and that the plaintiff had no cause of action against the defendant. On 25 July 1979 defendant moved to amend its answer and defense to amplify and detail its plea of the three-year statute of limitations in bar of the claim.

At the October 1979 civil session, Judge Roda concluded that Maxine Sims Swain was liable for the medical expenses

Lane v. Surety Co.

incurred for the treatment of plaintiff, that the right of action to recover such expenses was in the mother, and that the claim was barred by the statute of limitations. Plaintiff appeals from the trial court's dismissal of his claim.

*Swain & Stevenson, by Joel B. Stevenson, for plaintiff appellant.*

*Roberts, Cogburn and Williams, by Landon Roberts and James W. Williams, for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiff contends that the trial court erred in determining that the cause of action is barred by the statute of limitations. His assertion would be correct if the action reposed in the plaintiff rather than his mother. The statute of limitations begins to run against an infant, who has no guardian at the time the cause of action accrues, upon appointment of a guardian or the removal of the age disability as provided by N.C.G.S. 1-17, whichever occurs first. *Trust Co. v. Willis*, 257 N.C. 59, 125 S.E. 2d 359 (1962). As Maxine Sims Swain was appointed guardian ad litem on 10 February 1978, the action brought by plaintiff on that same date would not be barred if in fact he were the real party in interest. We agree, however, with the trial judge's conclusion that the exclusive right to recover on the insurance policy is in Maxine Sims Swain and that the three-year statute of limitations is a bar to her claim.

Plaintiff argues that he is a direct beneficiary of the insurance contract and as such the defendant is obligated to pay $2,000 toward plaintiff's medical expenses. We must look to the terms of the insurance policy to determine whether plaintiff has a right against defendant under these circumstances.

Policies of liability insurance, like all other written contracts, are to be construed and enforced according to their terms. If plain and unambiguous, the meaning thus expressed must be ascribed to them. But if they are reasonably susceptible of two interpretations, the one imposing liability, the other excluding it, the former is to be adopted and the latter rejected, because the policies having been

prepared by the insurers, or by persons skilled in insurance law and acting in the exclusive interest of the insurance company, it is but meet that such policies should be construed liberally in respect of the persons injured, and strictly against the insurance company.

*Electric Co. v. Insurance Co.*, 229 N.C. 518, 520, 50 S.E. 2d 295, 297 (1948).

Plaintiff would have us apply this principle to the language of the insurance policy providing that the defendant shall pay medical expenses incurred "[t]o or for the named insured and each relative" upon the event of the named contingencies. The issue hinges, however, upon the use of the term "incurred" in determining to whom the company's obligation is owed. If plaintiff himself incurred the medical expenses in question, there would be no doubt that he had a right of recovery from defendant, as he falls within the policy's definition of the term "relative."

While it is true that the original contract of insurance was made between plaintiff's mother and defendant, if the contracting parties intended that the policy benefit plaintiff, he could have an actionable right as a direct third party beneficiary. The North Carolina Supreme Court has stated: " 'The rule is well established in this jurisdiction that a third person may sue to enforce a binding contract or promise made for his benefit even though he is a stranger both to the contract and to the consideration.' " *Trust Co. v. Processing Co.*, 242 N.C. 370, 379, 88 S.E. 2d 233, 239 (1955) (quoting Justice Ervin in *Canestrino v. Powell*, 231 N.C. 190, 56 S.E. 2d 566 (1949)). But "[n]ot every such contract made by one with another, the performance of which would be of benefit to a third person, gives a right of action to such third person. Whether such person can enforce the contract depends on the facts and circumstances of the particular case." 242 N.C. at 379, 88 S.E. 2d at 239. When a third person seeks enforcement of a contract made between other parties, the contract must be construed strictly against the party seeking enforcement. 17 Am. Jur. 2d Contracts § 302 (1964). The test is whether the parties intended the benefit of the contract to run to the maker of the contract or to the third person. This

intent must be determined by construction of the "terms of the contract as a whole, construed in the light of the circumstances under which it was made and the apparent purpose that the parties are trying to accomplish." *Id.* § 304. Inasmuch as the insurance policy provision in question promises "[t]o pay all reasonable expenses incurred ... [t]o or for the named Insured and each relative who sustains bodily injury" it is apparent that the intent of the parties was to protect and reimburse the person who incurred the expenses, who is not necessarily the same party who sustained the injuries. As coverage for relatives is confined to those residing in the same household, we must infer that plaintiff's mother contracted for this protection primarily to assure herself that she would be reimbursed for medical expenses for treatment of her relatives, including her son, for which she otherwise would be liable. The parties stipulated that plaintiff's mother had "the responsibility for the necessary medical treatment of said child." Thus plaintiff would be a direct beneficiary of the policy only if he himself, rather than his mother, incurred such medical expenses.

Although it is undisputed that medical expenses due to plaintiff's injury were incurred within one year of the accident, it appears that the expenses were incurred by the mother, who was legally obligated for plaintiff's support. In interpreting an insurance contract with a similar provision, the North Carolina Supreme Court held in *Czarnecki v. Indemnity Co.*, 259 N.C. 718, 720, 131 S.E. 2d 347, 349 (1963), that:

> The very language which the parties selected to state the facts is the language chosen to measure defendant's obligation. "Incur" is defined by Webster as: "1: to meet or fall in with (as an inconvenience); become liable or subject to: bring down upon oneself *(incurred* large debts to educate his children)." Courts have accepted Webster's definition as the correct meaning of the word.

In construing the term "incur" in a medical payments policy, this Court has held "that expenses are incurred within the medical payments coverage ... when one has paid, or become legally obligated to pay such expenses within one year of the date of accident." *Atkins v. Insurance Co.*, 15 N.C. App. 79, 83,

189 S.E. 2d 501, 504 (1972). In the instant case there are no allegations or evidence that plaintiff ever had paid or become legally obligated to pay for any of the medical expenses which accrued as a result of his accident. Only one bill for $14.50 was addressed to him. The record indicates that all the other bills were submitted to his mother and stepfather, and that some of these bills were paid by his mother and another insurance company. The record is silent as to whether the remaining expenses were paid.

The parties concur that Maxine Sims Swain was responsible for the necessary medical treatment of her son. Even in the absence of such an admission, the law imposes a duty of support. *See* N.C. Gen. Stat. 50-13.4(b); *Wells v. Wells*, 227 N.C. 614, 44 S.E. 2d 31, 1 A.L.R. 2d 905 (1947). Parental duty includes a liability for medical expenses incurred in treatment of a minor child for injuries sustained in an automobile accident. *Price v. Railroad*, 274 N.C. 32, 162 S.E. 2d 590 (1968). Just as a parent is responsible for his child's support, as a general rule, a child may not incur liability in contract, because his legal incapacity makes his contracts voidable. 7 Strong's N.C. Index 3d Infants § 2 (1977). The doctrine of necessaries is the exception to this general principle.

> An infant may be compelled to pay a reasonable price for the necessaries that have been furnished to him. ... [T]he obligation in the strict sense of the word is not a contract. It is a quasi-contractual obligation, an obligation imposed upon him by law. ...

> If the law did not impose upon an infant an obligation to pay for necessaries, adults would be reluctant to furnish him with the necessities of life. The policy of the law in giving protection to an infant would be defeated if an infant could not by some kind of binding obligation procure necessities.

3 R. Lee, N.C. Family Law § 272 (3d ed. 1963).

Medical care, as well as food, clothing, lodging, and proper education, has been held to be within the classification of neces-

saries. *Id.* The concept of necessaries for which a minor may become liable has expanded in recent years to include things that are not absolutely vital to the child's survival. *See Personnel Corp. v. Rogers,* 276 N.C. 279, 172 S.E. 2d 19, 41 A.L.R. 3d 1062 (1970) (liability of an emancipated infant for services rendered by an employment agency).

Whether a particular infant may be liable for those items generally considered necessaries depends on the facts and circumstances of the case. Professor Lee, *supra* § 272, explains:

If the infant has a parent or guardian who provides him with necessaries, the infant cannot be sued for articles which, under other circumstances, would be classified as necessaries. In the absence of an emergency, the person furnishing the necessaries must prove that the parent or guardian has neglected or refused or is unable to supply the particular necessity. There is a presumption that the parent with whom the minor is living, except in the case where the minor has had an accident and has been taken to a doctor or hospital and quick action must be taken, or other peculiar circumstances, has furnished the child with all proper necessaries.

North Carolina courts have held that in some circumstances a minor who lives with and is supported by a parent may still be required to pay for his necessary medical expenses. In *Cole v. Wagner,* 197 N.C. 692, 150 S.E. 339, 71 A.L.R. 220 (1929), a minor child was seriously injured and received emergency hospital, medical, and surgical treatment from the plaintiffs, owners of a hospital. The child received a judgment in damages, a portion of which was in consideration for his medical expenses. The judgment was paid to the defendant guardian, the child's mother. In an action by plaintiffs to recover the amount of its charges for treatment of the child from the child's estate, the North Carolina Supreme Court held that an infant may become bound to pay for medical expenses, despite the fact that he has a parent or guardian responsible for his support and care, when the parent or guardian does not so provide. The Court believed it would have been inequitable to deny the plaintiffs recovery, because the money that plaintiff recovered in the damage suit

"was for necessary expenses of the defendant. To allow the defendant infant to recover upon this theory and then deny the plaintiff in the present action the right to recover on the same theory of necessary expenses, would be blowing hot and cold in the same breath." *Id.* at 699, 150 S.E. at 341. *Cole* thus stands for the principle that an infant *may* be liable for necessary medical expenses even though he is living with a parent who has a duty to provide the same. *See also In re Peacock,* 261 N.C. 749, 136 S.E. 2d 91 (1964); *Bitting v. Goss,* 203 N.C. 424, 166 S.E. 302 (1932). *Cole* is inapplicable in the present case, however, because the providers of the medical services made no demand for payment upon plaintiff. Unlike the situation in *Cole,* in this case there is no issue of a separate estate or recovery in damages, and the mother assumed her legal responsibility for the child's necessary medical treatment by at least beginning payment of the bills and not objecting to being responsible for plaintiff's treatment.

Plaintiff's mother provided for his support, and there is no evidence that she refused or was unable to provide for his necessaries. Therefore plaintiff did not become obligated for the expense of his medical treatment, did not "incur" any expense under the meaning of the policy, and has no claim against defendant.

Plaintiff, in his brief, concedes that if the exclusive right to recover on the policy is in Maxine Sims Swain, the action is barred by the statute of limitations. *See Wheeless v. Insurance Co.,* 11 N.C. App. 348, 181 S.E. 2d 144 (1971); *Congleton v. City of Asheboro,* 8 N.C. App. 571, 174 S.E. 2d 870, *cert. denied,* 277 N.C. 110 (1970). The trial judge properly dismissed plaintiff's action on the grounds that no cause of action exists against defendant under its medical payments coverage of the insurance contract and that the cause of action of Maxine Sims Swain for reimbursement of medical expenses incurred by her for the care and treatment of her son is barred by the three-year statute of limitations.

Affirmed.

Chief Judge MORRIS  and Judge CLARK concur.